**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LEON SEGEN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|        v. | ) | C.A. No. 08-456 GMS |
| | ) | |
| OPTIONSXPRESS HOLDINGS, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
|     Defendant. | ) | |

**ANSWER**

Defendant OptionsXpress Holdings, Inc. ("OptionsXpress") responds as follows to the complaint of Leon Segen ("Segen"):

1.      OptionsXpress is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies same.

2.      Admitted.

3.      Admitted.

4.      OptionsXpress denies the allegations as stated in the first sentence of paragraph 4, except admits that on or about April 23, 2008, Segen's counsel made a written demand on the board of directors of OptionsXpress requesting the investigation and return of any profits realized by G Bar Limited Partnership and James Gray in certain transactions. The allegations in the second sentence of paragraph 4 are admitted.

5.      Denied as stated. Admitted that the April 23, 2008 letter led to a review of the specified transactions and the payment of $704,741.78 to the Company.

6.      OptionsXpress denies the allegations as stated in the first sentence of paragraph 6, except admits that on or about May 31, 2008, Segen's counsel made a

written demand on the board of directors of OptionsXpress requesting the investigation and return of any profits realized by Ned W. Bennett in certain transactions. The allegations in the second sentence of paragraph 6 are admitted.

7.     Denied as stated. Admitted that the May 31, 2008 letter led to a review of the specified transactions and the payment of $401,876.24 to the Company.

8.     The allegations in the first sentence of paragraph 8 are admitted. The allegations in the second sentence of paragraph 8 are denied as stated. Admitted that the plaintiffs' demand led to payments to the Company.

9.     Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, OptionsXpress denies that Plaintiff is entitled to the fee sought. OptionsXpress does not dispute that Plaintiff is entitled to a reasonable fee award for writing the two letters, but Plaintiff has rejected the reasonable fee award offered by OptionsXpress and demanded a fee award that is grossly disproportionate to the work performed by Plaintiff's attorneys.

10.    Denied.

11.    Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, denied.

## ADDITIONAL DEFENSES

Without admitting or acknowledging that OptionsXpress bears any burden of proof as to any of them, OptionsXpress asserts the following additional defenses. OptionsXpress hereby reserves the right to amend its reply to assert additional defenses that become available or apparent during the course of this litigation.

### First Additional Defense

Segen fails to state a claim upon which relief may be granted.

### Second Additional Defense

The amount of attorneys' fees sought by Segen is disproportionate to the effort expended.

### Third Additional Defense

Segen and his counsel will be unjustly enriched if he is awarded the amount of attorneys' fees sought.

WHEREFORE, OptionsXpress respectfully prays for an order:

1.    For judgment in favor of OptionsXpress;

2.    The costs incurred in this action, including reasonable attorneys' fees;

3.    Such other relief as the Court may deem just and proper.

MORRIS JAMES LLP

Lewis H. Lazarus (#2374)
Katherine J. Neikirk (#4129)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
302.888.6800
302.571.1750 (fax)
llazarus@morrisjames.com
kneikirk@morrisjames.com

Attorneys for OptionsXpress Holdings, Inc.

Dated: August 14, 2008

1875148

3